# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

_____

In Re

JESSE SHORT and
AMI SHORT aka AMY
SHORT and AMY HEAP,

**Case No. 07-40528**
**Chapter 13**

**Debtors.**
_____

### MEMORANDUM OF DECISION
_____

**Appearances:**

>Gary McClendon, Assistant U.S. Trustee, Office of the U.S. Trustee, Boise, Idaho.

>Barry Zimmerman, Coeur d'Alene, Idaho, Chapter 13 Trustee.

### *Introduction*

Debtors Jesse and Ami Short filed a chapter 13 petition on July 9, 2007.[1] Docket No. 1.  The United States Trustee ("UST") filed a motion to dismiss the chapter 13 case as to Ami Short only, with prejudice, pursuant to

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23 (2005).

MEMORANDUM OF DECISION - 1

§ 1307(c) of the Bankruptcy Code.  Docket No. 20.  Ms. Short filed a response to

the UST's motion on August 8, 2007.  Docket No. 25.  The Court conducted a

hearing on the motion on August 15, at which the Court heard arguments from

counsel for the UST and Mr. Zimmerman, the chapter 13 trustee.  Neither of the

Debtors appeared.  At the conclusion of the hearing, the Court took the motion

under advisement.   Having now carefully considered the record, the arguments of

counsel, and the applicable law, the Court issues this Memorandum which

constitutes the Court's findings of fact and conclusions of law and disposition of

the issues.  Fed. R. Bankr. P. 7052, 9014.

### *Background and Facts*

On page 2 of the petition commencing this bankruptcy case, when

asked to disclose all prior bankruptcy cases filed by Debtors within the last eight

years, they indicated "none."  Docket No. 1.  However, upon filing their petition,

the clerk noted on the docket that this was a "repeat filing," and listed several prior

bankruptcy cases commenced by both Ami and Jesse Short.  Docket, July 10,

2007.

Thereafter, the UST filed a motion to dismiss Ami Short from the

bankruptcy case.  In the motion, the UST alleges that, in addition to the current

filing, Ms. Short has sought bankruptcy relief eight other times within the last ten

MEMORANDUM OF DECISION - 2

years in various districts.  The UST argues that filing nine bankruptcies within a

ten-year period represents an abuse of the bankruptcy process and constitutes

cause for the dismissal of Ms. Short's current bankruptcy case with prejudice.

In Ms. Short's response to the motion, she acknowledged the prior

filings, but argued that her financial difficulties over the years, and resulting

bankruptcy filings, were not her fault, and that she did not intend to abuse the

bankruptcy process by seeking relief in this case.  Docket No. 25.

The Court concludes the UST's motion has merit and that Ms.

Short's current bankruptcy case should be dismissed with prejudice.

### *Analysis and Disposition*

### A.    Dismissal Under § 1307(c).

The UST requests that the Court dismiss Ms. Short from this case

with prejudice.  Section 1307(c) of the Code provides, in relevant part:

> on request of a party in interest or the United States
> trustee and after notice and a hearing, the court may
> convert a case under this chapter to a case under
> chapter 7 of this title, or may dismiss a case under this
> chapter, whichever is in the best interests of creditors
> and the estate, for cause, including . . . .

Eleven (11) grounds are then enumerated in § 1307(c) that may constitute "cause"

for dismissal under this subsection, however this list is not exhaustive.  *See*

§ 102(3) (defining "including," for purposes of Title 11, to be "not limiting");

MEMORANDUM OF DECISION - 3

*Leavitt v. Soto* (*In re Leavitt*), 171 F.3d 1219, 1224 (9th Cir. 1999) (noting that the

list in § 1307(c) of possible causes to convert or dismiss is not exhaustive, and that

bad faith in filing also constitutes cause).

      Under the case law, to resolve the UST's motion the Court must

engage in a two-step analysis.  First, the Court must determine that there is "cause"

to act.  Second, if "cause" is found, the Court must choose between conversion of

the case to chapter 7 and dismissal based on "the best interests of the creditors and

the estate."  *Nelson v. Meyer* (*In re Nelson*), 343 B.R. 671, 675 (9th Cir. BAP

2006); *Rollex Corp. v. Assoc. Materials, Inc.* (*In re Superior Siding & Window,*

*Inc.*) 14 F.3d 240, 243 (4th Cir. 1994); *In re Erkins*, 253 B.R. 470, 477 n. 5 (Bankr.

D. Idaho 2000).

### 1.    "Cause" Warranting Dismissal or Conversion Exists.

      The gravamen of the UST's argument is that Ms. Short's multiple

filings constitute an abuse of the bankruptcy process, and thus "cause" warranting

dismissal of her petition is present under these circumstances.  The mere fact that a

debtor has engaged in serial filings, standing alone, is insufficient to establish

"cause" sufficient to dismiss a chapter 13 case pursuant to § 1307(c).  *See*

*Tsafaroff v. Taylor* (*In re Taylor*), 884 F.2d 478, 485 (9th Cir. 1989) (declining to

adopt a per se rule against multiple chapter 13 filings); *Mortgage Mart, Inc. v.*

MEMORANDUM OF DECISION - 4

*Rechnitzer* (*In re Chisum*), 847 F.2d 597, 600 (9th Cir. 1988) (noting that multiple

filings are not per se illegal, but nonetheless relevant in determining whether a plan

has been filed in good faith). However, serial filings may inform the Court's

determination that a chapter 13 petition was filed in bad faith, or was otherwise an

abuse of the bankruptcy process. *Chisum*, 847 F.2d at 600. And the Ninth Circuit

has held that bad faith is sufficient "cause" to warrant dismissal. *Leavitt*, 171 F.3d

at 1224.

      A determination that a debtor has acted in bad faith, thus warranting

dismissal of a chapter 13 petition with prejudice, requires the application of the

"totality of the circumstances" test. *Eisen v. Curry* (*In re Eisen*), 14 F.3d 469, 470

(9th Cir. 1994); *Leavitt*, 171 F.3d at 1224. Under this test, the bankruptcy court

should consider the following factors:

> (1) whether the debtor "misrepresented facts in his
> [petition or] plan, unfairly manipulated the Bankruptcy
> Code, or otherwise [filed] his Chapter 13 [petition or]
> plan in an inequitable manner," *Eisen*, 14 F.3d at 470
> (citing *In re Goeb*, 675 F.2d 1386, 1391 (9th Cir.
> 1982));
> (2) "the debtor's history of filings and dismissals,"
> *Eisen*, 14 F.3d at 470 (citing *Nash v. Kester* (*In re
> Nash*), 765 F.2d 1410, 1415 (9th Cir. 1985));
> (3) whether "the debtor only intended to defeat state
> court litigation," *Eisen*, 14 F.3d at 470 (citing
> *Chinichian v. Campolongo* (*In re Chinichian*), 784
> F.2d 1440, 1445-46 (9th Cir. 1986)); and
> (4) whether egregious behavior is present, *Colonial*

MEMORANDUM OF DECISION - 5

> *Auto Center v. Tomlin* (*In re Tomlin*), 105 F.3d 933,
> 937 (4th Cir. 1997); *Cashman Investment Corp. v.*
> *Robinson* (*In re Bradley)*, 38 B.R. 425, 432 (Bankr.
> C.D. Cal. 1984).

*Leavitt*, 171 F.3d at 1224.

With respect to the first factor, misrepresentation and manipulation of the Code, several facts weigh against Ms. Short.  For example, Ms. Short failed to properly disclose her prior eight bankruptcy filings.  She did more than merely omit mention of the prior petitions in the petition commencing the current case.  Indeed, in that petition, under penalty of perjury, she affirmatively wrote "none" in the box asking whether she had filed prior bankruptcy cases filed within the last eight years.[2]  Docket No. 1, Page 2.

Second, a review of the record reveals a conflict with respect to several answers on Ms. Short's Statement of Financial Affairs.[3]  When asked in Question No. 15 to disclose prior addresses at which the debtor resided within the three years preceding the commencement of the case, Ms. Short checked the box indicating that she had none.  Noting that Ms. Short filed a Chapter 7 petition in Wyoming less than three years prior to this petition, the Court must infer that Ms.

---

[2]  Of Ms. Short's prior eight bankruptcy petitions, seven were filed within eight years of the current bankruptcy petition.

[3]  The Statement of Financial Affairs was filed together with the chapter 13 petition, and is also signed under penalty of perjury.

MEMORANDUM OF DECISION - 6

Short's answer to Question No. 15 was at least inaccurate.[4]  Moreover, when

asked in Question No. 16 to disclose the identity of any spouse or former spouse

who resided with the debtor in a community property state within the last eight

years, Ms. Short again marked the box indicating none.  This answer is also likely

inaccurate in light of Ms. Short's prior chapter 13 petition filed in Idaho, a

community property state, on April 21, 2000.

Third, under the circumstances, the plan proposed by Ms. Short is

inequitable.  At the hearing, the UST argued that Ms. Short's proposed plan is

evidence that she is not acting in good faith, as only $36.00 per month would be

paid to unsecured creditors.[5]  Over the three-year course of the plan, this amounts

to only $1,296.00.  Considering that the schedules list total unsecured claims of

$57,608.00, Debtors propose to pay unsecured creditors about two cents on the

---

[4]  A bankruptcy petition must be filed in the district court for the district in
which the domicile or residence of the person subject to the case has been located
for the 180 days immediately preceding filing.  28 U.S.C. § 1408.  Thus, in order
for venue to be proper in Wyoming for the 2004 case, Ms. Short presumably either
resided or was domiciled in Wyoming.  This condition was necessarily met
because Ms. Short was granted a discharge in that case.  This suggests that, more
likely than not, Ms. Short resided at a different address within the three years prior
to filing this case, rendering her response to the question inaccurate.

[5]  Ms. Short's proposed plan provides for monthly payments of $465.00.
Payments to secured creditors are $382.00 per month and the standard trustee fee
is 10% or $47.00 per month.  The balance would be paid to unsecured creditors.
Thus, unsecured creditors are left with: $465.00 - $382.00 - $47.00 = $36.00.

MEMORANDUM OF DECISION - 7

dollar for their claims.  Many of these unsecured creditors hold long-standing

debts; they have been listed on Ms. Short's prior bankruptcy schedules and

remain unpaid.  That Ms. Short is not making a reasonable effort to pay these

long-standing creditors through her proposed plan, while not conclusive, is

evidence that Ms. Short is not acting in good faith.

        Under the second factor of the analysis, the Court must review Ms.

Short's history of bankruptcy filings.  Ms. Short is a truly a "frequent-flyer" in the

bankruptcy courts in the Districts of Idaho, Utah, and Wyoming.  The record

shows that in addition to the present chapter 13 petition, Ms. Short has filed five

other chapter 13 petitions, and three chapter 7 petitions in the last ten years.  All

five of the other chapter 13 cases were eventually dismissed.  Of the chapter 7

cases, one was dismissed.  The dismissal orders from the prior cases, which are

part of the record in this case, list Ms. Short's failure to attend § 341 meetings, to

make interim chapter 13 payments, to timely file documents and pleadings, and

other deficiencies as the reasons for dismissal.  *See* Exhibits 4-9.

        Ms. Short's response to the motion to dismiss sheds some light on

the subject of her prior bankruptcy petitions and dismissals.  In her letter to the

Court, Ms. Short offers her explanation as to why her prior petitions were

dismissed.  In short, her explanation is, uniformly, "it was not my fault."  Ms.

MEMORANDUM OF DECISION - 8

Short explains her financial difficulties were caused, in large part, by her irresponsible ex-husband who could not hold a job.  She recounts how her former spouse was constantly moving her and her children from state to state.  One such move came just two weeks after she had filed a chapter 13 petition.  In that instance, she explains that "the attorneys would tell us when we had moved before the 341 meeting that it wouldn't work because we had moved out of the state." Docket No. 25.  In other cases, she explains that her ex-husband would quit his job and they would be unable to make the required payment prior to the § 341 meeting, so "our attorney would advise us not to attend." *Id*.  Whether acting pursuant to instructions by counsel or not, this tactic of filing for bankruptcy relief, and then failing to comply the requirements of the Code is inappropriate and abusive.  Simply put, Ms. Short's excuses for her many bankruptcy filings are unimpressive, and her failure to accept any responsibility for this situation and attempts to shift the blame onto others for her predicament is both sad and unpersuasive.

Next, the Court must consider whether the debtor only intended to defeat state court litigation by filing the bankruptcy petition.  The record before the Court does not reveal any other pending litigation, so this factor is a nonissue.

Finally, the Court considers whether egregious behavior is present.

MEMORANDUM OF DECISION - 9

In *Leavitt*, the court itemized that debtor's failings with regard to his petition, schedules, and plan.  Those problems included omission of assets on his schedules, undervaluation of other assets, listing inflated expenses, and other misconduct.  The court then explained that the debtor never volunteered to supplement his schedules or his plan, nor did he offer the bankruptcy court a reasonable explanation of his conduct.  *Leavitt*, 171 at 1225.

Like the debtor in *Leavitt*, Ms. Short has failed to supplement or amend her petition or schedules, though they contain significant errors and omissions, and has not provided a reasonable explanation of her conduct.  Having failed to appear on her own behalf at the hearing on the UST's motion, (and having offered the Court no explanation in the record for her absence), the only evidence in the record to which the Court can look for justification is her response to the motion to dismiss.  In that letter, not only did Ms. Short blame her ex-husband and her former attorneys for the prior bankruptcy petitions being dismissed, she also blamed her current bankruptcy petition preparer for omitting the prior bankruptcies from her current petition.[6]  Docket No. 25.

---

[6]  Although Ms. Short claims she provided the case numbers, dates, and other information to the petition preparer and that this information was simply "left off" of her present petition, she gives no explanation for her signature on page 3 of the petition below the declaration "under penalty of perjury that the information provided in this petition is true and correct."  *See* Docket No. 1, Page

MEMORANDUM OF DECISION - 10

There are a few facts in the record that weigh in favor of allowing Ms. Short to seek relief in the present case.  First, the Court notes the time-frame in which the prior cases were filed:  most filings occurred less than one year apart, and in one instance, two petitions were filed in the same year.   In contrast, the current petition was filed almost three years after Ms. Short's last case.

Next, some of Ms. Short's circumstances appear to have changed. Assuming her ex-husband indeed contributed to her inability to follow the rules in the prior cases, he is no longer part of the picture.  Ms. Short has remarried and alleges her new relationship is a stable one.

Finally, according to Mr. Zimmerman, Debtors are current on their plan payments in the current case.

While there is room for argument, in the end, in the Court's judgment, the evidence is insufficient to tip the scales in Ms. Short's favor. Considering the totality of the circumstances, and in the exercise of its discretion, the Court concludes that sufficient "cause" under § 1307(c) exists.

**2.        Dismissal or Conversion.**

Having determined that there is "cause" to act, the Court next considers whether conversion to a chapter 7 case or outright dismissal of Ms.

_____

3.

MEMORANDUM OF DECISION - 11

Short from this case, would be in the best interests of creditors and the estate.

Like the analysis employed above to determine if "cause" exists, the choice

between dismissal and conversion requires a balancing test to be applied on a

case-by-case basis. *In re Staff Investment Co.*, 146 B.R. 256, 260 (Bankr. E.D.

Cal. 1992). In the end, whether dismissal or conversion is in the best interests of

the creditors and the estate is committed to the discretion of the bankruptcy court.

*Id.*

   Neither Debtors nor the UST have indicated that conversion to

chapter 7 would be appropriate in this case. Instead, in its motion and its

argument during the hearing, the UST has steadfastly insisted that Ms. Short

should be dismissed from the case, and that such dismissal should be with

prejudice. This may be some indication that the UST believes only dismissal is

appropriate in this case.

   The question of whether to dismiss or convert a case in the absence

of argument in favor of one over the other is not new to this Court. It grappled

with that very question in *In re Erkins*. 253 B.R. at 477.[7] In *Erkins*, this Court,

---

  [7] The Court recognizes that the instant case concerns a motion to dismiss a
chapter 13 case pursuant to § 1307(c) while *Erkins* focused on a motion to dismiss
a chapter 11 case pursuant to § 1112(b). Although the Court is dealing with
different provisions in the Code, the applicable language of the two provisions is
nearly identical. Therefore, a similar analysis is proper.

MEMORANDUM OF DECISION - 12

after deciding that dismissal was appropriate, noted that "[n]ormally, to ensure

fairness after learning of the Court's ruling on Creditor's motion, Debtors would

be afforded a brief opportunity, if they so choose, to voluntarily convert the case

to a Chapter 7 liquidation." *Id.* at 477 n. 5.  Nonetheless, in that case the Court

still felt dismissal was proper in light of the Ninth Circuit determination that

"immediate dismissal [is] the only appropriate course once the court [finds] that

the petition was filed without a legitimate purpose." *Id. citing Marsch v. Marsch*

(*In re Marsch*), 36 F.3d 825, 829 (9th Cir. 1994).  In *Erkins*, the Court had

previously determined that the case was not the kind of case that Congress

intended to have access to the rehabilitative provisions of chapter 11.  However, in

this case, the Court has made no such determination regarding the legitimacy of

Debtors' chapter 13 case.

Taking into account the lack of disclosure on Ms. Short's petition,

the inaccuracies in several of her schedules, the poor treatment of long-standing

unsecured creditors under her proposed plan, and her failure to appear before the

court to explain these deficiencies, dismissal, and not conversion to chapter 7, of

Ms. Short from this case better serves the interests of the creditors and the estate.

**B.    Dismissal With Prejudice.**

Although the Court has determined that dismissal is proper based on

MEMORANDUM OF DECISION - 13

the totality of the circumstances, its inquiry is not yet concluded.  The UST has

requested that the dismissal should be with prejudice.  In this regard, the Code

provides:

> Unless the court, for cause, orders otherwise, the
> dismissal of a case under this title does not bar the
> discharge, in a later case under this title, of debts that
> were dischargeable in the case dismissed; nor does the
> dismissal of a case under this title prejudice the debtor
> with regard to the filing of a subsequent petition under
> this title, except as provided in section 109(g)[8] of this
> title.

11 U.S.C. § 349(a).  Generally speaking, dismissals are ordered without prejudice.

*Leavitt*, 171 F.3d at 1223.  However, the Court is vested with the authority to

dismiss with prejudice upon a finding of "cause."  *Id.; see also Tomlin*, 105 F.3d

at 937; 3 Collier on Bankruptcy § 369.01, at 349-2-3 (15th ed. 1997).  While

---

[8] 11 U.S.C. § 109(g) provides:
> Notwithstanding any other provision of this section, no
> individual or family farmer may be a debtor under this
> title who has been a debtor in a case pending under
> this title at any time in the preceding 180 days if–
> (1) the case was dismissed by the court for willful
> failure of the debtor to abide by orders of the court, or
> to appear before the court in proper prosecution of the
> case; or
> (2) the debtor requested and obtained the voluntary
> dismissal of the case following the filing of a request
> for relief from the automatic stay provided by section
> 362 of this title.

MEMORANDUM OF DECISION - 14

"cause" warranting dismissal with prejudice is not defined by the Bankruptcy Code, the Court is not entirely without direction. The Ninth Circuit has held that bad faith may be "cause" for a dismissal with prejudice under § 349(a). *Leavitt*, 171 F.3d at 1224. In addition, courts have identified one goal of the Code to be "to protect certain classes of creditors whom a debtor has harmed by egregious conduct." *Murray v. Bammer* (*In re Bammer*), 131 F.3d 788, 793 (9th Cir. 1997). Thus, this Court has found that where egregious conduct is present, dismissal with prejudice may be warranted. *In re Covino* 245 B.R. 162, 170 (Bankr. D. Idaho 2000).

To determine if dismissal should be ordered with prejudice, this Court must again consider the "totality of the circumstances" test. Under this test, and the four factors analyzed above, not only is there cause to dismiss, there is cause to dismiss with prejudice. If the Court were to dismiss without prejudice, nothing would prevent Ms. Short from promptly refiling her petition, thus rendering the Court's decision on the UST's motion near-meaningless, except of course to add to the administrative cost and delay in the process occasioned by a bad faith filing. Thus, to both avoid this result and because the circumstances warrant it, the Court concludes that Ms. Short must be dismissed from this case with prejudice.

MEMORANDUM OF DECISION - 15

*Conclusion*

The Court concludes that, based on the totality of the circumstances,

Ms. Short filed the present petition in bad faith, which constitutes cause

warranting dismissal of her case under § 1307(c).  Furthermore, the Court

concludes that cause exists to order that Ms. Short not seek bankruptcy relief for a

period of one year.   A separate order will be entered.

Dated: September 11, 2007

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 16